Case 1:23-cr-20035-RNS Document 12 Entered on FLSD Docket 01/27/2023 Page 1 of 12

FILED by MM D.C.
Jan 26, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **23-20035-CR-SCOLA/GOODMAN**

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

**MAIKEL JOSE MORENO PEREZ,**

Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

1. Venezuela's Anti-Corruption Law of April 7, 2003, Official Gazette No. 5.637 (amended on November 19, 2014, Official Gazette No. 6.155) and the Penal Code of Venezuela, of April 13, 2005, Official Gazette No. 5.768 prohibited public officials in Venezuela from, among other things, receiving or agreeing to receive, money, on their own behalf or through others, relating to any act taken in the course of his/her official duties or responsibilities.

### INDIVIDUALS AND ENTITIES

2. The Supreme Tribunal of Justice ("TSJ") was the highest court of law in Venezuela. The TSJ was divided into five specialized units – the administrative, civil, criminal, constitutional, and electoral division.

3. **MAIKEL JOSE MORENO PEREZ** was a Venezuelan attorney nominated to

serve on the TSJ in 2014. **MAIKEL JOSE MORENO PEREZ** served as President of the Criminal Division of the TSJ from 2015 to 2017, and as President of the TSJ from 2017 to 2022. While serving on the TSJ, **MAIKEL JOSE MORENO PEREZ** was a "public official" as that term is used under Venezuelan law.

4. Venezuelan Official 1 was a former senior official in the Venezuelan government.

5. Contractors 1, 2, and 3 were Venezuelan contractors who owned companies that received funds from Venezuelan government-controlled entities.

6. Co-Conspirator 1 was a former employee at the TSJ.

7. Co-Conspirators 2 and 3 were Venezuelan attorneys who handled civil and criminal cases in Venezuela.

8. Co-Conspirators 4 and 5 maintained bank accounts outside of Venezuela.

## COUNT 1
### (Conspiracy to Commit Money Laundering – 18 U.S.C. §1956(h))

1. Paragraphs 1 through 8 of the General Allegations Section are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around 2014, continuing until at least March 2019, in the Southern District of Florida, and elsewhere, the defendant,

**MAIKEL JOSE MORENO PEREZ,**

did knowingly and voluntarily combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

    a. To knowingly conduct a financial transaction which involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and

2

    knowing that the transaction was designed in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B); and

  b. To knowingly engage in a monetary transaction, by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, in violation of Title 18, United States Code, Section 1956(c)(7)(B)(iv).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendant to unlawfully enrich himself and others by receiving bribe payments, laundered through bank accounts of co-conspirators inside and outside the United States, in exchange for agreements to use the defendant's official positions, duties and responsibilities to resolve civil and criminal cases favorable to the bribe payers.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **MAIKEL JOSE MORENO PEREZ** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

  1. **MAIKEL JOSE MORENO PEREZ**, as President of the Criminal Division of the TSJ and later President of the TSJ, used his power to influence decisions on criminal and civil

cases in Venezuela courts. **MAIKEL JOSE MORENO PEREZ** influenced Venezuelan legal cases using his authority to determine the panel of judges hearing cases at the TSJ level and used his authority to appoint or remove judges at the trial and appellate level in Venezuela.

2.  **MAIKEL JOSE MORENO PEREZ** and Co-Conspirator 1 agreed to receive bribes from others in exchange for resolving Venezuelan civil and criminal cases favorable to the individuals who paid the bribes.

3.  Before his appointment to the TSJ, but after his nomination, **MAIKEL JOSE MORENO PEREZ** received wire transfers of approximately one million dollars from Contractor 1 in exchange for **MORENO** agreeing to resolve future Venezuelan criminal cases in a manner favorable to Contractor 1 and/or persons connected to Contractor 1. **MAIKEL JOSE MORENO PEREZ** received this bribe payment in a personal bank account at Bank of America in Miami, Florida.

4.  While serving on the TSJ, **MAIKEL JOSE MORENO PEREZ** received bribes in criminal cases in Venezuela, often in cases involving allegations of large-scale public corruption, including the following matters:

    a.  In a matter involving Venezuelan Official 1, **MAIKEL JOSE MORENO PEREZ** agreed with Co-Conspirator 1 and others, to dismiss a Venezuelan arrest warrant against Venezuelan Official 1 in exchange for a bribe to **MORENO**.

    b.  In a matter involving Contractor 2, **MAIKEL JOSE MORENO PEREZ** agreed with Co-Conspirators 1 and 2 to seek home confinement for a relative of Contractor 2 arrested in Venezuela in exchange for a bribe to **MORENO**.

c. In a matter involving Contractor 3, **MAIKEL JOSE MORENO PEREZ** agreed with Co-Conspirator 1 to dismiss criminal charges involving Contractor 3's company and associates of Contractor 3 in exchange for a bribe to **MORENO**.

d. In a matter involving a Venezuelan banker, **MAIKEL JOSE MORENO PEREZ** and Co-Conspirators 1 and 4 agreed to dismiss the pending Venezuelan criminal case against the banker in exchange for a bribe to **MORENO**.

5. While serving on the TSJ, **MAIKEL JOSE MORENO PEREZ** received bribes in certain civil cases in Venezuela, including the following matters:

a. In a civil dispute between a Venezuelan automobile dealer and a large U.S. automobile manufacturing company, **MAIKEL JOSE MORENO PEREZ** agreed with Co-Conspirator 1 and Co-Conspirator 3 to authorize a seizure of the U.S. automobile company's plant in Venezuela in exchange for a bribe to **MORENO**.

b. In a matter involving an electronics chain store, **MAIKEL JOSE MORENO PEREZ** agreed with Co-Conspirator 1 and Co-Conspirator 3 to assist in dismissing a case relating to the electronics chain store in exchange for a bribe to **MORENO**.

6. **MAIKEL JOSE MORENO PEREZ** and Co-Conspirator 1 received bribe proceeds in these criminal and civil cases, directly and indirectly, in cash, via wire transfer, and through the transfer of assets.

7. **MAIKEL JOSE MORENO PEREZ** gave large volumes of cash to Co-Conspirator 5 in Venezuela. **MAIKEL JOSE MORENO PEREZ** caused Co-Conspirator 5 to make the following transactions for the benefit of **MORENO**:

- A transfer of more than €2.4 million Euros for the purchase of a villa in Italy;

5

- A transfer of more than $1.3 million for the purchase of an apartment in midtown Miami; and

- More than $700,000 in wire transfers from an account of Co-Conspirator 5 to the bank account in Miami of **MAIKEL JOSE MORENO PEREZ's** wife.

8. **MAIKEL JOSE MORENO PEREZ** caused Co-Conspirator 4 to receive bribe proceeds in cash and in wire transfers into bank accounts controlled by Co-Conspirator 4 in the United States, Panama, and Dominica.

9. Co-Conspirator 4 maintained a ledger tracking bribe payments received for the benefit of **MAIKEL JOSE MORENO PEREZ**. This ledger reflected over $6.4 million in bribes made for the benefit of **MAIKEL JOSE MORENO PEREZ**.

10. **MAIKEL JOSE MORENO PEREZ** directed Co-Conspirator 4 to use the bribery proceeds for, among other things, the following purchases for the benefit of **MORENO**:

- More than $1,500,000 dollars for the purchase, renovation, and furnishing of a luxury villa in the Dominican Republic;

- More than $1,300,000 for a building in Las Mercedes, Venezuela;

- More than $300,000 for a musical performance at his wedding;

- More than $65,000 for furniture for his villa in Italy;

- More than $65,000 for a luxury vehicle in the Dominican Republic;

- More than $50,000 for travel expenses, including luxury travel to Japan and Turkey paid to a tour company with bank accounts in Miami; and

- More than $42,000 paid to an individual in Miami for expenses of Moreno in Miami.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2
## Money Laundering
## (18 U.S.C. § 1956(a)(1)(B))

1. Paragraphs 1 through 8 of the General Allegations Section and paragraphs 1 through 10 of the Manner and Means Section of Count 1 are realleged and incorporated by reference as though fully set forth herein.

2. On or about November 27, 2017, in the Southern District of Florida and elsewhere, the defendant,

**MAIKEL JOSE MORENO PEREZ**

did knowingly conduct, and attempt to conduct, a financial transaction affecting interstate and foreign commerce, that is, a transfer of approximately $700,000 from a bank account in Miami to a bank account in Puerto Rico for the purchase of a property in Venezuela, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and that the financial transaction was designed in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B) and 2.

It is further alleged that the specified unlawful activity is an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, in violation of 18, United States Code, Section1956(c)(7)(B)(iv).

7

## COUNTS 3-4
### Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957)

1. Paragraphs 1 through 8 of the General Allegations Section and paragraphs 1 through 10 of the Manner and Means Section of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth in each Count below, in the Southern District of Florida and elsewhere, the defendant,

**MAIKEL JOSE MORENO**

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, by, though, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as set forth in each Count below:

| Count | Approximate Date | Description of Transaction |
|---|---|---|
| 3 | August 13, 2018 | Transfer of approximately $42,925 from a bank account in Dominica to a bank account in Miami for the benefit of **MAIKEL JOSE MORENO PEREZ** |
| 4 | August 20, 2018 | Transfer of approximately $19,188 from a bank account in Dominica to a bank account in Miami for the benefit of **MAIKEL JOSE MORENO PEREZ** |

It is further alleged that the specified unlawful activity is an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, in violation of Title 18, United States Code, Section 1956(c)(7)(B)(iv).

In violation of Title 18, United States Code, Sections 1957 and 2.

8

## FORFEITURE
## (18 U.S.C. § 982(a)(1))

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **MAIKEL JOSE MORENO PEREZ**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1956 or 1957, as alleged this Indictment, the defendant, **MAIKEL JOSE MORENO PEREZ**, shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

   a. Los Mangos 11, Casa de Campo, La Romana, Dominican Republic; and

   b. Via San Gennaro 79, Lappato, Capannori, Italy.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p).

9

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE █████

_____
FOREPERSON

_[signature]_
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_[signature]_
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

MAIKEL JOSE MORENO PEREZ,

Defendant.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division** (select one)
- ☑ Miami    ☐ Key West    ☐ FTP
- ☐ FTL      ☐ WPB

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect: **Spanish**

4. This case will take **11** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☐ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☑ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **Yes**
   If yes, Magistrate Case No. **20-2407-JJO**

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Michael N. Berger
Assistant United States Attorney
Court ID No.    A5501557

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MAIKEL JOSE MORENO PEREZ

**Case No**: _____

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $500,000**

Count #: 2

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000**

Counts #: 3-4

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice the amount of the criminally derived property involved in the transaction**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.